Houston, J.
This is an action brought to recover payment for items possessed by the defendant in which the plaintiff held a security interest. Plaintiff obtained a written preliminary injunction from this court on September 19, 1996, after a hearing on August 30, 1996, enjoining the sale, transfer, removal or disposal of equipment in the defendant’s possession. Defendants were also enjoined from receiving rental payments from the City of Lowell. Plaintiff now brings this motion to compel the defendant to pay the plaintiff for goods sold in violation of the preliminary injunction.

DISCUSSION

The Massachusetts Rules of Civil Procedure are clear as to the procedure for the enforcement of a preliminary injunction. Mass.R.Civ.P. 65.3(a) states that “Enforcement of compliance with the following court orders shall be sought by means of a separate civil proceeding denominated as a ‘civil contempt proceeding' (1) temporary restraining orders, preliminary or permanent injunctions pursuant to Rule 65, or stipulations in lieu thereof;" (emphasis added). The filing of a complaint for contempt allows the court to conduct a hearing with witnesses to determine whether a violation has occurred. Moreover, the Rules *501 require that the complaint for contempt be verified or supported by affidavits. Mass.R.Civ.P. 65.3(c).
Plaintiff has chosen an inappropriate vehicle for enforcement of the preliminary injunction. Plaintiff has filed neither a verified complaint for contempt nor affidavits. The defendants were not afforded the benefits of a full evidentiary hearing. Moreover, counsel for the plaintiff was unable at oral argument to cite any legal basis which justifies his filing of a motion to compel rather than a complaint for contempt. Because plaintiffs motion is not properly before the court, it must be dismissed.

ORDER

For the foregoing reasons, the court ORDERS that the plaintiffs motion to compel payment is DISMISSED without prejudice to refile a complaint for contempt.